[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant "Officer Doe" and the City of Milford move to strike the complaint as to these defendants because, they assert, a complaint against a fictitious person does not, under Connecticut law, state a claim upon which relief may be granted.
The general rule is that, for in personam actions, there is no authority to proceed against unknown persons in the absence of a statute allowing such an action. See Connecticut Resources Recovery Authority v. Refuse Gardens, Inc., 7 CSCR 439 (April 13, 1992); 85 ALR 3d 130; 59 Am.Jur.2d Parties 16. No provision in the Practice Book or our statutes allows the use of fictitious names.
Some states have enacted statutes which allow the use of fictitious names in substitution for unknown defendants. (Missouri, North Dakota).
Where such statutes exist, there is still debate as to whether the substitution of a real person, after the statute of limitations has run, relates back to the original complaint.
Here, a fictitious name has been used intentionally, because the individual to be sued was unknown at the time the complaint was filed. The record is devoid of any discovery or attempts to ascertain the real identity of "Officer Doe". The statute of limitations has run. Our rules do not specifically authorize the use of fictitious names. These facts taken together, support the CT Page 7096 defendant's position.
Under C.G.S. 7-465 an action is maintained against a municipality because the municipality must pay all sums the employee becomes obligated to pay. Here, because no employee can become obligated, there is no action against the City.
The defendant's arguments regarding notice to Officer Doe and non-joinder are not persuasive. (Indeed, the defendants might have brought this action more properly as a motion to dismiss.)
The Motion to Strike is granted.
ELAINE GORDON, JUDGE